JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
NORTH CHINA SHIPPING LIMITED,          :

                    Plaintiff,         :

          -against-                    :

SHENGYUAN INTERNATIONAL                :
LOGISTICS CO., LTD.,                   :

                    Defendant.         :
----------------------------------x

**07 CIV 7735**

**ECF**

**VERIFIED COMPLAINT**



RECEIVED
AUG 30 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, NORTH CHINA SHIPPING LIMITED, (hereinafter referred to as "Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, SHENGYUAN INTERNATIONAL LOGISTICS CO., LTD., (hereinafter referred to as "Defendant") alleges, upon information and belief, as follows:

### JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

### THE PARTIES

2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and existing under the laws of the Bahamas with a registered address at P.O. Box CB-12751, Nassau, New Providence, Bahamas.

3.    Plaintiff is and was, at all material times, the disponent owner of the M/V SAPAI (the "Vessel").

4.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of a foreign country, with an address at Room 906-908, Jinfang Building, 33 Chifeng Road, Heping District, Tianjin, China 300041, and was at all material times the charterer of the Vessel.

### DEFENDANT'S BREACH OF CONTRACT

5.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-4 of this Complaint as if set forth at length herein.

6.    Plaintiff and Defendant entered into a voyage charter party dated March 20, 2007,to carry a cargo of steel wire rod in coils from Xingang, China, to Taiching, Taiwan (the "Charter Party").

7.    The Vessel performed the voyage, earning freight in the amount of $21,847.61, which Plaintiff has demanded but which Defendant has failed and refused to pay.

8.    By reason of the aforesaid, Plaintiff has suffered damages in the amount of $21,847.61, so near as the same can be presently estimated.  In addition Plaintiff is entitled to recover interest, attorneys' fees and costs as set forth below.

2

## HONG KONG ARBITRATION

9.    Plaintiff's claims against Defendant are subject to arbitration in Hong Kong governed by English law pursuant to the terms of the Charter Party, and Plaintiff has commenced arbitration.

## PLAINTIFF'S DAMAGES

10.    Interest costs and attorneys' fees are routinely awarded to the prevailing party under English law.  As best as can now be estimated, Plaintiff expects to recover the following amounts from Defendant:

| | | |
|---|---|---|
| A. | Principal claim: | $ 21,847.61 |
| B. | Interest, arbitration fees and attorneys' fees: | $  7,500.00 |
| | Total: | $ 29,347.61 |

## DEFENDANT NOT FOUND WITHIN THE DISTRICT

11.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank

of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche
Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered
Bank, UBS AG and/or Wachovia Bank, which are believed to be
property of the Defendant.

12.   The Plaintiff seeks an order from this court
directing the Clerk of Court to issue Process of Maritime
Attachment and Garnishment pursuant to Rule B of the
Supplemental Rules for Certain Admiralty and Maritime Claims
and also pursuant to the United States Arbitration Act, 9
U.S.C. §§ 1 and 8, attaching, *inter alia,* any property of the
Defendant held by the aforesaid garnishees for the purpose of
obtaining personal jurisdiction over the Defendant, and to
secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.   That process in due form of law issue against
the Defendant, citing it to appear and answer under oath all
and singular the matters alleged in the Complaint;

B.   That since the Defendant cannot be found within
this District pursuant to Rule B of the Supplemental Rules for
Certain Admiralty and Maritime Claims, this Court issue an
Order directing the Clerk of Court to issue Process of Maritime
Attachment and Garnishment pursuant to Rule B of the
Supplemental Rules for Certain Admiralty and Maritime Claims
and also pursuant to the United States Arbitration Act, 9

4

U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are due and owing to the Defendant, in the amount of $29,347.61 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

      C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

      D.    That the Plaintiff has such other, further and

different relief as the Court may deem just and proper.

Dated:     New York, New York
           August 30, 2007

                              CARDILLO & CORBETT
                              Attorneys for Plaintiff
                              NORTH CHINA SHIPPING LIMITED

                       By: _____

                              James P. Rau (JR 7209)

                              Office and P.O. Address
                              29 Broadway, Suite 1710
                              New York, New York 10006
                              Tel: (212) 344-0464
                              Fax: (212) 797-1212

6

### ATTORNEY'S VERIFICATION

State of New York )
                  ) ss.:
County of New York)

       1.    My name is James P. Rau.

       2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

       3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

       4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

       5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

       6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

       7.    I am authorized to make this Verification on

7

behalf of the Plaintiff.

_____
James P. Rau

Sworn to this 30th day
of August, 2007

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011

8